UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS LYON
DEBORAH LYON

      Plaintiff(s)                         **CASE NO.**: 3:11-cv-701-J-37JRK

v.

AMERICAN RECOVERY SYSTEMS, INC.
      Defendant(s).
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COMES NOW the Plaintiffs, by and through their undersigned counsel, and requests the Court grant leave to file the Amended Complaint, which is attached as Exhibit 1, and state in support as follows:

1. Plaintiffs filed their Complaint in this Court on July 18, 2011.

2. Defendant filed its Answer and Affirmative Defenses on August 22, 2011.

3. The Case Management Order entered on October 25, 2011, provided a deadline of December 1, 2011, for Motions to Amend Pleadings.

4. In a recent review of the Complaint, Plaintiffs' counsel recognized that as the result of a clerical error, page 5 of the Complaint was erroneously placed in the Complaint.

5. Plaintiffs request that it be permitted to file the attached Amended Complaint, which contains the proper page 5. The Amended Complaint is amended solely for the purpose of replacing the erroneous page 5. Pages 1-4, and pages 6-7 of the Amended Complaint are identical to pages 1-4 and pages 6-7 of the original Complaint. It is clear from comparing page 5 of the Amended Complaint and

page 5 of the original Complaint that the page 5 of the Original Complaint was included as the result of a clerical error.

6. Plaintiffs' counsel consulted with Defendant's counsel on February 29th, 2012, regarding the issue and again contacted Defendant's counsel on March 1st, 2012. Defendant's counsel has consented to the filing of the Amended Complaint.

7. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires.

8. The amendment in this instance is requested in order to correct a scrivener's error and will not unduly prejudice the Defendant.

9. There is no bad faith or dilatory motive in seeking the amendment. There is not repeated failure to cure deficiencies, as this is the first amendment sought in this case.

10. The Court should grant leave to amend, absent "substantial contravailing reasons." *Grayson v. Kmart Corp.*, 79 F.3d 1096, 1110 (11th Cir. 1996).

11. The answer filed in this case contained blanket denials of Plaintiff's allegations. It is expected that a similar Answer would stem from Plaintiffs' Amended Complaint.

12. Filing of the Amended Complaint will not result in a need to amend the Case Management Scheduling Order entered in this case, and the parties may continue to proceed as scheduled with mediation, dispositive motions and trial.

13. Wherefore, Plaintiffs request the Court grant leave to file the Amended Complaint attached as Exhibit 1.

Respectfully submitted,

This 2 day of March, 2012

_____
Taylor J. King, Attorney for Plaintiff(s)
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
tjking@planlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was furnished to Mr. Ernest H. Kohlmyer, III, Attorney for Defendant, Gateway Center, 1000 Legion Place, Suite 1200, Orlando, FL 32801, by U.S. Mail, postage pre-paid this __2__ day of March, 2012.

                                                                             _____
                                                                            Taylor J. King, Attorney for Plaintiff(s)

EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS LYON
DEBORAH LYON

      Plaintiff(s)                                      Case No. 3:11-cv-

v.

AMERICAN RECOVERY SYSTEMS, INC.
      Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

THOMAS LYON and DEBORAH LYON ("Lyons" or "PlaintiffS") sue AMERICAN RECOVERY SYSTEM ("American Recovery Systems"), and states:

### I. INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiffs, individual consumers, against Defendant American Recovery Systems for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter referred to as "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et. seq.* (hereafter referred to as "FCCPA"), which, among other things, prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II. PARTIES

2.    Plaintiffs are natural persons residing at 6720 CR 305, Elkton, St. Johns County, Florida 32033. At all times material, the Lyons resided in Elkton, St. Johns County, Florida. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692(a)(3).

3.    American Recovery Systems is a Debt Collector as defined by the FDCPA and is

1

registered with the Florida Office of Financial Regulation as a debt collector. Its principal place of business is located at 3577 Cardinal Point Drive, Jacksonville, FL 32257. American Recovery Systems' principal business is the collection of third party debts.

4. American Recovery Systems is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a (6).

### III. JURISDICTION AND VENUE

5. Jurisdiction of the Court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation by American Recovery Systems took place in Elkton, St. Johns County, Florida.

### IV. FACTUAL ALLEGATIONS

6. On July 26, 2010 (the "Petition Date"), Plaintiffs filed a petition for relief under Title 11 Chapter 7 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case # 3:10-bk-6439. A Copy of the redacted § 341 Notice is attached as Exhibit 1.

7. The Lyons filed their Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting them in collection efforts; ii) from the Bankruptcy Court an order of discharge pursuant 11 U.S.C.§ 727; and iii) a financial "fresh start".

8. As required by the Bankruptcy Code, the Lyons filed their schedules, lists and statements in their Bankruptcy Case. Included in the Schedule F of unsecured creditors was Beta Finance Company, PO Box 6000, Crown Point, IN 46308 with a balance of $1,499.12. The

creditor and address were pulled from the latest credit report available just prior to filing the Bankruptcy Case. A copy of the relevant page from the Lyons' Schedule F is attached as Exhibit 2.

9. On September 9, 2010, the U.S. Trustee convened and concluded the section 341 meeting of creditors ("Meeting of Creditors"). Neither Beta Finance Company, Inc. nor American Recovery Systems appeared at the Meeting of Creditors. The Chapter 7 Trustee reported that there was no property available for distribution from the estate over and above that exempted by law.

10. Beta Finance Company received notice of the Bankruptcy Case and the meeting of creditors. *See* Certificate of Notice, Doc. No. 6, page 3 of 4, attached as Exhibit 3.

11. Pursuant to 11 U.S.C. 342(f) and Fed. R. Bankr. P. 2002(g)(4), notice to Beta Finance Company was provided to its preferred mailing address. *See* Certificate of Notice, Doc. No. 6, page 4 of 4, attached as Exhibit 3 ("Addresses marked '++' were redirected to the recipient's preferred mailing address.").

12. Despite the automatic stay entered in the Bankruptcy Case and the provisions of the FDCPA and FCCPA, Beta Finance Company referred and/or sold the account to American Recovery Systems for collection after the commencement of the case.

13. On June 21, 2011, American Recovery Systems mailed a demand for payment to the Lyons for collection of the Beta Finance Company pre-petition debt which had been listed on Schedule F of the Lyons' Bankruptcy Schedules. A copy of the demand for payment letter is attached as Exhibit 4.

14. American Recovery Systems failed to use reasonable steps for collection of

accounts prior to mailing the collection letter to the Lyons. Such steps would include, at a minimum, a BANKO or AACER search for bankruptcy activity related to the account and/or Mr. and Mrs. Lyon.

## V. CLAIMS FOR RELIEF
## COUNT I -- FDCPA VIOLATIONS

15. The Plaintiffs reallege paragraphs (1) one through (13) thirteen above.

16. American Recovery Systems violated the FDCPA. American Recovery Systems' violations include, but are not limited to, the following:

   i. American Recovery Systems contacted the Lyons directly when American Recovery Systems knew that the Lyons all the while were represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating 15 U.S.C. § 1692c (a)(2).

   ii. American Recovery Systems violated 15 U.S.C. § 1692e (2)(A) by falsely representing the character and legal status of the debt.

   iii. The collection letter sent to Plaintiffs misrepresented the character and legal status of the debt by stating that "[a] review of this claim shows that [the Lyons] are subject to collection on this obligation", when in fact the Bankruptcy Code prohibits collection attempts by creditors as well as preferential payment by debtors.

   iv. The collection letter further misrepresented the character and legal status of the debt by instructing the Plaintiffs that in order to "avoid any [further collection] activity....SUBMIT PAYMENT IN FULL....", when in fact the debt was discharged by virtue of the Discharge Order entered by the

4

        Bankruptcy Court on November 15, 2010. *See* Discharge Order attached as Exhibit 5.

v. The Defendant further misrepresented the legal status of the debt by stating "we will consider ourselves justified in taking such [collection] options as deemed best to protect our client's interest", when in fact American Recovery Systems was not "justified" but rather prohibited by the Discharge Order from seeking to collect the discharged obligation.

vi. The Defendant surreptitiously threatened to take further action, including contacting the debtor by telephone at home or at work, thereby violating 15 U.S.C. § 1692e(5). The Defendant did not possess the legal right to pursue such action, given that the obligation was discharged on November 15, 2010, by Order of the Bankruptcy Court. *See* Discharge Order attached as Exhibit 5 (stating "a creditor is not permitted to contact a debtor by mail, phone, or otherwise").

vii. The Defendant failed to comply with the notice and validation requirements of the FDCPA, thereby violating 15 U.S.C. § 1692g.

viii. The Defendant did not meet the "least sophisticated consumer" standard as the collection notice did not effectively convey to the Plaintiffs' their rights under the FDCPA. *See Law Office of David J. Stern, P.A. v. Martinez (In re Martinez)*, 271 B.R. 696, 700 (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985)).

ix. Defendant requests prominently that debtor "SUBMIT PAYMENT IN

5

FULL....". *See* Demand for Payment Letter, page 1 of 2, attached as Exhibit 4. Again on page 2, paragraph 2, of the collection notice, Defendant instructs debtor to "**PAY THE AMOUNT DUE IN FULL**". The prominent instructions to pay in full contradicts and/or overshadows the notice to debtor consumers regarding informing them of their right to dispute the debt within 30 days, thereby violating 15 U.S.C. § 1692g(a)(3).

17. American Recovery Systems violated the provisions of the FDCPA, and is liable to the Lyons for actual damages, statutory damages, and reimbursement attorney's fees and costs associated with filing this action.

## COUNT II – FCCPA VIOLATIONS

18. The Lyons reallege paragraphs one through thirteen (13) above.

19. American Recovery Systems has violated the FCCPA. American Recovery Systems' violations include, but are not limited to:

   i. American Recovery Systems contacted the Lyons directly when American Recovery Systems knew the Lyons all the while were represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA.

   ii. American Recovery Systems attempted to receive immediate and full payment for a debt that was known to be discharged by Order of the Bankruptcy Court entered on November 15, 2010, thereby violating § 559.72(9) of the FCCPA.

20. Pursuant to Florida Statute, § 559.77, American Recovery Systems is liable to the

6

Lyons for actual damages, statutory damages, and reimbursement attorneys' fees and costs associated with filing and prosecuting this action.

WHEREFORE, the Lyons respectfully pray for i) declaratory judgment in their favor finding American Recovery Systems violated the above stated provisions of the FDCPA and the FCCPA; ii) judgment in favor of the Lyons awarding actual and statutory damages; iii) an award equal to any and all attorney's fees and costs associated with bringing this action; and iv) any and all other relief that the Court deems necessary and just.

The Lyons demand a jury trial on all issues so triable.

DATED this _____ day of July, 2011.

                Law Offices of Mickler & Mickler

                By:_____
                    Taylor J. King
                Florida Bar No. 072049
                5452 Arlington Expressway
                Jacksonville, FL 32211
                (904) 725-0822
                tjking@planlaw.com